STEVENS v. REED.

(Supreme Court, Equity Term, Cayuga County. September, 1899.)

1. FRAUD—RELIANCE ON REPRESENTATIONS.

    An action to vacate a release of a general guardian, alleged to have been procured by false and fraudulent representations, will be dismissed when plaintiff's own testimony shows that she did not believe them, and was not deceived thereby.

2. SAME—LIMITATIONS.

    Under the statute of limitations (section 382, subd. 5), providing that actions for judgments other than for money, on the ground of fraud, must be commenced in six years from the discovery of the "facts" constituting the fraud, the limitations against a right of action to vacate a release of a general guardian procured by fraudulent representations begin to run

from the moment they are made, where the party executing the release does not believe them, and is not deceived thereby, and not from the time of the discovery of evidence to establish the fraud.

Action by Harriette E. Stevens against Nathan C. Reed. Dismissed.

F. E. Storke, for plaintiff.

F. S. Coburn, for defendant.

DWIGHT, J. The issues in this action having been tried before me, at the above term without a jury, I make and file the following decision, and brief statement of the reasons therefor:

The action is in equity, to vacate and annul a release or discharge of the defendant as general guardian of the plaintiff, executed to the former by the latter on the 17th day of March, 1890, and to open and vacate a decree of the surrogate's court of Cayuga county, entered therein upon such release or discharge on the same day. The relief is sought on the ground, as alleged, that such release or discharge was procured from the plaintiff by means of the false and fraudulent representation of the defendant to the effect that the mother of the plaintiff, who was also the wife of the defendant, left no property or estate at the time of her death. The complaint alleges that the plaintiff believed this statement and representation to be true, and, in reliance upon it, executed the release or discharge in question, without taking any steps to ascertain whether her mother did leave any property, or what had become of any property which she had at any time during her life. Mrs. Reed, the plaintiff's mother, died in September, 1884. The defendant was appointed general guardian of the plaintiff in December, 1886. The plaintiff became of age September 30, 1889. She executed the release or discharge March 17, 1890. This action was commenced in March, 1899. The defendant, by his answer, denies the plaintiff's allegations of fraud, and pleads the statute of limitations.

On the trial the plaintiff, having testified to the representation made to her by the defendant at the time of the execution of the release or discharge, was asked by her counsel, "When he told you that your mother left no estate, did you believe him?" to which she answered, "No, sir; I knew better." And she did not at any time, on her direct or cross examination, admit that she was for a moment deceived by the statement of the defendant. In answer to the direct question of her counsel: "Did you believe that there was no estate which was capable of being reached?" she said: "Yes, sir; I believed that she did have money, and that I could not find it." And, further: "Q. At the time you signed that release, did you believe there was no estate of your mother's in existence which you could reach? A. Yes, sir. Q. Did you believe that whatever estate she had had been disposed of before her death? A. I suppose Mr. Reed had it in his own name." But withal she gave no testimony to countervail her positive assertion that, so far from being deceived by the alleged false representation of the de-

fendant, she knew the contrary to be the fact. It is difficult to avoid giving to this state of proof the effect of defeating the plaintiff's action. On the trial I reserved the question, wishing to have the whole case before me, but upon full consideration I am of opinion that to ignore that question would do violence to wise and salutary rules which must govern the disposition of cases of this character. In all actions based upon allegations of fraud, whether of legal or equitable cognizance, the allegation that the plaintiff is deceived is as material as that the defendant intended to deceive. This principle the pleader fully recognized in this case, and he did not omit to allege in positive terms, and in more forms than one, that the plaintiff believed the defendant's representation to be true, and that she relied upon it when she executed the release and discharge in question. This allegation was necessary. Without it the complaint would have been bad on demurrer. It was equally necessary that it be proved. Without such proof the action fails.

Another ground for the dismissal of the complaint, to be considered under the defendant's plea of the statute of limitations, involves to some extent the same principles as those already considered. The rule applicable is found in subdivision 5, § 382, of the statute, which includes all actions cognizable in equity, to procure a judgment other than for a sum of money, on the ground of fraud, and the limitation is to the period of six years from the discovery by the plaintiff of the facts constituting the fraud. In this case the fact constituting the fraud complained of was the alleged false and fraudulent representation that the plaintiff's mother left no estate. It is the facts constituting the fraud itself, and not those constituting evidence of the fraud, that are mentioned in the statute. The question is, when did the plaintiff acquire the knowledge that the representation in question was false and fraudulent? She testifies that she knew it to be so at the moment it was made. From that moment, then, the statute began to run, and the plaintiff had six years from that time to prosecute her inquiries, and obtain, if she could, the evidence necessary to establish the fraud judicially. She cannot simply remain inactive for nine years, while witnesses die and memories fail, until by chance, in a proceeding brought by another party, on another cause of action, evidence is disclosed which tends to establish the fraud of which she complains, and then bring her action, relieved of the limitation of the statute. Equity as well as law requires reasonable diligence in the prosecution of its remedies. It is not easy to conceive a case in which the protection of the statute could be more equitably invoked than in a case like this, where the mouths of both the persons who alone knew the whole truth of the matter are closed,—that of the one by death, of the other by law as to all transactions and communications between the two. Had this case proceeded to a decision of the question whether the plaintiff's mother did in fact leave property in which she was entitled to a share, the facts must have been found upon evidence, from the nature of the case, largely unsatisfactory.

Upon the two grounds above mentioned, viz.: First, the plaintiff has failed to show that she believed or relied upon the alleged fraudulent representation of the defendant; and, second, that her action is barred by the statute of limitations,—I find and decide that the defendant is entitled to judgment dismissing the plaintiff's complaint on the merits; but, under the circumstances, I think it proper that such judgment should be without costs to either party. Let the judgment be entered accordingly.